FILED
2017 Jan-17  AM 10:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| TERRANCE SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| DIVERSCO INC., d/b/a ABM INDUSTRIES ) | JURY REQUEST |
| ) | |
| Defendants. ) | |

**COMPLAINT**

COMES NOW the Plaintiff, TERRANCE SANDERS (hereinafter "Sanders"), and files this Complaint to be answered by the Defendant pursuant to the Federal Rules of Civil Procedure.

**I.    JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), and venue is proper pursuant to 28 U.S.C. §1391 (all parties are located within the Northern District of Alabama, Western Division, and the acts complained of took place in the Northern District of Alabama, Western Division).

2. This is a suit authorized and instituted pursuant to 42 U.S.C. 1981. The jurisdiction of this Court is invoked to secure protection of and redress the

deprivation of rights secured by 42 U.S.C. 1981, providing for relief against racial discrimination, and retaliation.

3. There are no statutory prerequisites for filing suit under 42 U.S.C. 1981.

## II. PARTIES

4. The Plaintiff, Sanders, is over the age of nineteen, is a citizen of the United States and is a resident of the State of Alabama.

5. The Defendant, Diversco, Inc. d/b/a ABM Industries ("ABM"), is an entity subject to suit under 42 U.S.C. 1981.

6. The Defendant employs at least fifteen (15) persons.

## III. FACTUAL ALLEGATIONS

7. The Plaintiff, Sanders, a black male, worked for ABM performing janitorial services as a "cleaner".

8. Sanders's job duties included cleaning the floors of all buildings on the premises as requested by his supervisor.

9. In the spring, 2015, Freddy Rivas ("Rivas") became site manager.

10. The moment Rivas became site manager, the similarly situated Hispanic employees were treated more favorably than white or black employees.

11. The white and black employees, including Sanders, were given far more work than the Hispanic employees.

12. The Hispanic employees were given smaller work areas to clean.

13. The Hispanic employees were segregated from the white and black employees.

14. Sanders was regularly asked to go to other areas of the plant to clean for employees who had not shown up for work or had not completed their assigned area.

15. Sanders was regularly sent to plant 1 and 2, to the guard shack, and all other areas on the premises to clean.

16. The Hispanic employees were allowed to stand around, talk, cut-up, goof-off, and wait for the end of their shift before they were required to clock out.

17. The Hispanic employees were spoken to in a friendly manner, even when they were just standing around.

18. Sanders, and other non-Hispanic employees, were spoken to in a very harsh and disrespectful manner, were told to go to another area to clean, or told to clock out when they finished cleaning their assigned area.

19. Non-Hispanic employee's hours were cut when Hispanic employees were not.

20. Kendra Thomas, a black female supervisor, stated ABM wanted to get rid of all the white and black employees to bring in only Mexican employees.

21. Mercedes, and other on-site contractors, joked about the fact ABM stood for "All 'bout Mexicans".

22. In April, 2015, Sanders and other employees, complained to his supervisor, Jonah Waller, of the disparate treatment between Hispanic employees and white or black employees.

23. At the time of his complaint, Sanders had no write ups or disciplinary actions.

24. The 6 weeks preceding Sanders's termination about ten (10) black employees and two (2) white employees were terminated.

25. On May 25, 2015, Sanders's supervisor, Jennifer Leyza ("Leyza"), came to his area and asked Saders and another employee, Loretta White ("White"), to come clean the stairwell due to the fact another employee had not completed the work.

26. Sanders stayed in the car, and Leyza went into the cafe.

27. The café door is closely situated to the stairwell door.

28. Sanders never entered the cafe.

29. On May 28, 2015, Sanders was suspended for "being out of his work area", which was false.

30. On that day, Sanders was assigned to clean the stairwell.

31. On June 3, 2015, Sanders was terminated for a "violation of policy".

32. ABM told the unemployment office Sanders was terminated because stole drinks and snacks from the cafeteria, which was false.

33. ABM has interfered with Sanders obtaining a new job by giving him a poor reference.

## IV. CLAIMS

### COUNT I-RACE DISCRIMINATION-DISPARATE TREATMENT

34. The Plaintiff adopts and re-asserts each and every allegation contained in paragraph 1-33 as if fully set out herein.

35. The Defendant, ABM, discriminated against Sanders in the terms, conditions, and privileges of employment when it segregated the non-Hispanic employees from the Hispanic employees, when it gave the Hispanic employees less work, when it allowed Hispanic employees to stand around, goof-off, cut-up, and wait for the end of their shift, while White was required to go complete other employees assignments, and was spoken to harshly even though she was a good, hard worker.

36. As a proximate cause and cause in act of said disparate treatment, the Plaintiff was caused to suffer the following injuries and damages: The Plaintiff was caused to suffer shame, humiliation, embarrassment, stress, emotional distress, pain, suffering, out of pocket expenses, loss of wages (front and back pay), lost benefits, and retaliation.

### COUNT II-RETALIATON

37. The Plaintiff adopts and re-asserts each and every allegation contained in paragraph 1-36 as if fully set out herein.

38. The Defendant, ABM retaliated against Sanders in the terms, conditions, and privileges of employment when after Sanders's complaint of discrimination, it falsified reasons to terminate Sanders, disparaged his reputation, wrongfully accused him of illegal conduct, terminated him, and provided him a poor reference.

39. As a proximate cause and cause in act of said retaliation, Sanders was caused to suffer the following injuries and damages: The Plaintiff was caused to suffer shame, humiliation, embarrassment, stress, emotional distress, pain, suffering, out of pocket expenses, loss of wages (front and back pay), lost benefits associated, and retaliation.

## V. DAMAGES

42. The Plaintiff adopts and re-asserts each and every allegation of paragraphs 1-39 as if fully set out herein.

43. The Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain, stress, anguish, loss of wages (front and back pay), loss of benefits, as a consequence of the defendant's unlawful conduct.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully prays that this Honorable Court assume jurisdiction of this action and after trial:

1. Enter an Order requiring the defendant to make the Plaintiff whole by awarding her lost wages (front and back pay plus interest), the value of the lost benefits, compensatory damages, liquidated damages, and punitive damages.

2. The Plaintiff prays for such other relief and benefits as the cause of justice may require, including but not limited to, attorney's fees and expenses.

<u>**THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**</u>

Respectfully Submitted,

*Patricia A. Gill*
Patricia A. Gill
GIL047
Attorney for the Plaintiff

OF COUNSEL
PATRICIA A. GILL, P.C.
PO BOX 55304
Birmingham, Alabama 35255
Phone: (205) 307-9555
Facsimile: (205) 930-9809
e-mail: patriciagill@yahoo.com

**SERVE DEFENDANT BY CERTIFIED MAIL**

Diversco Inc. d/b/a ABM Industries
ST Corporation System
 2 N. Jackson Street, Ste. 605
Montgomery, AL 36104